IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD F. RICHARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 10 C 7580 |
| v. ) | |
| ) | Judge George W. Lindberg |
| BURGETT, INC., BURGETT BROTHERS, INC., ) | |
| and AMERICA SEJUNG CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Edward F. Richards filed this action against defendants Burgett, Inc., Burgett Brothers, Inc. ("Burgett Brothers"), and America Sejung Corporation ("ASC"). Before the Court are Burgett Brothers' and ASC's motions to dismiss, and ASC's request for judicial notice. For the reasons stated below, ASC's request for judicial notice is granted, and the motions to dismiss are denied.

**I. Background**

According to the complaint, in 1996 Burgett, Inc. and Burgett Brothers (collectively, "the Burgett Companies") acquired common law rights in the GEORGE STECK trademarks, which are marks used in connection with pianos. The Burgett Companies filed applications for these marks on the Supplemental and Principal Registers.

The complaint further alleges that in 2001, the Burgett Companies agreed to sell their rights in the GEORGE STECK marks to plaintiff for $100,000. Plaintiff paid $33,500 toward the purchase. On February 19, 2002, the Burgett Companies executed a sales agreement relating to the GEORGE STECK marks, as well as agreements assigning all right, title and interest to the GEORGE STECK marks to plaintiff. However, executed copies of the assignments were never

delivered to plaintiff. According to plaintiff, he did not learn of the assignments until September 2010, through discovery in another case in this district, *Persis International, Inc. v. Burgett, Inc.*, 09 C 7451. The Burgett Companies did not return the $33,500 plaintiff paid them.

According to the complaint, despite this assignment of the rights in the GEORGE STECK marks to plaintiff, in 2003 the Burgett Companies licensed use of the GEORGE STECK marks to defendant ASC. ASC began advertising and selling pianos bearing the GEORGE STECK marks in 2003, and continues to do so today. The complaint alleges claims of trademark infringement and unfair competition under the Lanham Act, as well as claims under Illinois law.

## II. Analysis

### A. Burgett Brothers' motion to dismiss for lack of subject matter jurisdiction

The Court first considers Burgett Brothers' motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Burgett Brothers states that it owned no rights in the GEORGE STECK marks and was not involved in the alleged assignment of the marks to plaintiff. Burgett Brothers argues that because there is no factual connection between it and plaintiff's claims, plaintiff cannot hale it into court in this controversy. Burgett Brothers characterizes this issue as a question of whether it – Burgett Brothers – has standing to be sued in this case.

"In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir. 2005) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Here, Burgett Brothers is not arguing that *plaintiff* lacks standing to bring his claims, but rather that Burgett Brothers lacks standing to be sued because

2

plaintiff cannot establish that Burgett Brothers owned the marks at issue.  Burgett Brothers cites no authority in support of its argument that a claim should be dismissed for lack of subject matter jurisdiction because the claim would fail on the merits.  Burgett Brother's argument does not implicate standing or subject matter jurisdiction, and is not a proper ground for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  Burgett Brothers' Rule 12(b)(1) motion to dismiss is denied.

> B. **ASC's motion to dismiss for failure to state a claim**

Next, the Court turns to ASC's motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering this motion, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws reasonable inferences in plaintiff's favor.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In considering plaintiff's allegations, the Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

> 1. **Statute of limitations**

ASC first argues that plaintiff's claims against it should be dismissed because they are time-barred.  Although ASC frames its argument as a statute of limitations issue, it is more accurately framed as a laches issue, since the Lanham Act does not contain a statute of limitations.  *See Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 821 (7th Cir. 1999).  "The doctrine of laches is derived from the maxim that those who sleep on their rights, lose them."

*Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792 (7th Cir. 2002). Laches is an affirmative defense, and as such need not be anticipated in the complaint. *See Flentye v. Kathrein*, 485 F. Supp. 2d 903, 916 (N.D. Ill. 2007). Because a laches defense is highly fact-dependent, it ordinarily should not be determined on a motion to dismiss. *See id.* at 916-17. However, it is appropriate to dismiss a claim as time-barred when the complaint "plainly reveals that an action is untimely." *See U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

To establish laches, ASC must show that plaintiff had knowledge of ASC's allegedly infringing use of the marks, that plaintiff inexcusably delayed taking action based on that use, and that ASC would be prejudiced if plaintiff is allowed to assert his rights at this time. *See Chattanoga Mfg., Inc.*, 301 F.3d at 792-93. As ASC observes, federal courts refer to the three-year statute of limitations found in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(e), in assessing whether a plaintiff has unreasonably delayed filing a claim under the Lanham Act. *See, e.g., Chattanoga Mfg., Inc.*, 301 F.3d at 793.

ASC's laches argument requires the determination of factual issues that cannot be resolved based on the allegations in the complaint. For example, although the complaint alleges that ASC began using the GEORGE STECK marks in 2003, the complaint is silent as to when plaintiff discovered that ASC was using the marks. Nor do the allegations in the complaint establish that plaintiff's delay in taking action was "inexcusable," or that ASC would be prejudiced if plaintiff is permitted to bring his claims now. At this early stage of litigation, it is not appropriate to determine whether plaintiff's claims are barred by laches.

### 2. Allegations inconsistent with previous filings in other cases

ASC next argues that plaintiff's claims should be dismissed because his allegations are

inconsistent with allegations he has made in pleadings he has filed in two other cases. ASC asks the Court to take judicial notice of certain of plaintiff's filings in *Samick Music Corp. v. Persis International, Inc.*, in the District of Nevada; and in *Persis International, Inc. v. Burgett, Inc.*, in the Northern District of Illinois. ASC argues that plaintiff's allegations in this case contradict these earlier filings, and that his claims here should be dismissed as a result.

Ordinarily, the Court only considers the allegations in the complaint in determining whether to grant a motion to dismiss under Rule 12(b)(6). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). However, the Court may take judicial notice of matters of public record, including public court documents, without converting a motion to dismiss to a motion for summary judgment. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). ASC's request that this Court take judicial notice of plaintiff's earlier court filings is granted.

In his third-party complaint in *Samick Music Corp. v. Persis International, Inc.*, which he filed on July 31, 2009 in the District of Nevada, plaintiff alleged that Burgett, Inc. never completed the sale of the GEORGE STECK marks to plaintiff, and that "on information and belief, Burgett has retained ownership of the GEORGE STECK trademark." Plaintiff asserted a claim of unjust enrichment against Burgett, Inc., based on his allegations that Burgett, Inc. retained plaintiff's $33,500 deposit without completing the sale of the GEORGE STECK marks. Plaintiff voluntarily dismissed his claims against Burgett, Inc. in *Samick Music Corp. v. Persis International, Inc.* on December 31, 2009.

In an amended complaint in *Persis International, Inc. v. Burgett, Inc.*, which he filed on March 26, 2010 in the Northern District of Illinois, plaintiff alleged that Burgett, Inc. "ultimately

5

refused to complete the agreed-upon sale" of the GEORGE STECK marks, that Burgett, Inc. "never completed the assignment of the GEORGE STECK trademark to Richards," and that "[o]n information and belief, Burgett has retained ownership of the GEORGE STECK trademark." As in *Samick Music Corp.*, plaintiff asserted a claim of unjust enrichment against Burgett, Inc. based on his allegations that Burgett, Inc. retained plaintiff's $33,500 deposit without completing the assignment of the GEORGE STECK marks. On November 30, 2010, the court in Persis International, Inc. granted plaintiff's motion for leave to file a second amended complaint. Pursuant to that order, on December 9, 2010 plaintiff filed his second amended complaint, which omitted the allegation that the assignment had not been completed, and omitted the claim regarding the GEORGE STECK marks.

ASC contends that plaintiff's allegations in this case that the sale and assignment of the GEORGE STECK marks to plaintiff were completed contradict his prior allegations in the other cases that the sale and assignment of those marks were not completed. Plaintiff explains that he did not learn that the assignments of the GEORGE STECK marks had been executed until 2010, when they came to light during discovery in *Persis International, Inc. v. Burgett, Inc.*

Although ASC does not use the term, it appears to be making a judicial estoppel argument. Judicial estoppel is "an equitable concept that prevents parties from playing 'fast and loose' with the courts by prevailing twice on opposing theories." *In re Airadigm Communications, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010). Judicial estoppel does not apply unless the court in the earlier case, "in reaching its earlier decision, . . . relied on the representation of the one against whom estoppel is asserted." *See id.* at 662; *see also U.S. v. Newell*, 239 F.3d 917, 921 (7th Cir. 2001) (criticizing the application of judicial estoppel in cases in which the prior

court did not accept the prior assertion, as a "minority view, undesirably loose and clearly not the view of this circuit").

ASC's judicial estoppel argument fails because no court relied on plaintiff's prior allegations that the sale and assignment of the GEORGE STECK marks were not completed. As noted above, plaintiff voluntarily dismissed his claims against Burgett, Inc. in *Samick Music Corp. v. Persis International, Inc.*, and omitted his allegations and claim regarding the GEORGE STECK marks from his second amended complaint in *Persis International, Inc. v. Burgett, Inc.* ASC has not shown that plaintiff should be estopped from alleging in this case that the sale and assignment of the GEORGE STECK marks were completed. Accordingly, ASC's motion to dismiss plaintiff's claims here as inconsistent with his prior claims is denied.

### 3. Effect of voluntary dismissal in prior action

Next, ASC argues that plaintiff's claims against it should be dismissed pursuant to the "two dismissal rule" in Federal Rule of Civil Procedure 41(a)(1), which provides:

> (a) Voluntary Dismissal.
>     (1) By the Plaintiff.
>         (A) *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>             (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>             (ii) a stipulation of dismissal signed by all parties who have appeared.
>         (B) *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.*

Fed. R. Civ. P. 41(a) (emphasis added). ASC argues that because plaintiff voluntarily dismissed a claim based on the GEORGE STECK marks in *Samick Music Corp. v. Persis International,*

7

*Inc.*, his withdrawal of his claim based on the GEORGE STECK marks when he filed his second amended complaint in *Persis International, Inc. v. Burgett, Inc*. operated as an adjudication on the merits under Rule 41(a)(1). Accordingly, ASC contends, plaintiff cannot bring claims against it based on the GEORGE STECK marks in this action.

The Court disagrees. First, ASC was not a party in either of the prior actions, and ASC does not claim that it was in privity with the defendants in the prior actions. *See Ogden Allied Sec. Servs., Inc. v. Draper & Kramer*, 137 F.R.D. 259, 261 (N.D. Ill. 1991) (adopting the view that "defendants must be the same, substantially the same, or in privity for the 'two dismissal' rule to apply"). In addition, plaintiff's claims that were previously dismissed were for unjust enrichment, while his claims against ASC here are for trademark infringement and unfair competition. Thus, the claims that ASC seeks to dismiss here are not the same claims that were previously dismissed.

Nor did plaintiff's filing of a second amended complaint in *Persis International, Inc. v. Burgett, Inc*. constitute a Rule 41(a)(1) voluntary dismissal of the claims he withdrew through the amendment. The "two dismissal rule" in Rule 41(a)(1) only applies "when the second dismissal is by notice under Rule 41(a)(1)," and not where the dismissal is made by motion and granted by court order. *See Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987). Moreover, "Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action' – which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). In *Persis International, Inc. v. Burgett, Inc.*, plaintiff filed a motion for leave to file a second amended complaint that withdrew some of his claims; after defendant Burgett, Inc. filed a brief in opposition to the motion, the court issued

an order granting plaintiff's motion. Since plaintiff neither acted by notice nor voluntarily dismissed the entire action, his filing of a second amended complaint did not constitute a Rule 41(a)(1) voluntary dismissal of the claims he withdrew, and the "two dismissal rule" is inapplicable.

### 4. Failure to use mark in commerce

ASC also argues that plaintiff's claims against it should be dismissed because plaintiff fails to allege that he used the GEORGE STECK marks in commerce. It is true that the validity of a trademark may not be established merely by its registration if the mark is not sufficiently used: "[u]ltimately, it is not the fact of registration that matters so much as the use of the mark in commerce.'" *Central Mfg., Inc. v. Brett*, 492 F.3d 876, 881 (7th Cir.2007) (*quoting Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 503 (7th Cir. 1992)). Here, however, plaintiff has alleged that he acquired the GEORGE STECK marks in an assignment from the Burgett Companies. Although it appears that plaintiff himself has not used the marks in commerce, he nevertheless could have acquired protectable rights in the marks from the Burgett Companies by virtue of that assignment. *See Archer Daniels Midland Co. v. Narula*, No. 99 C 6997, 2001 WL 804025, at *5 (N.D. Ill. July 12, 2001). Plaintiff has alleged enough to survive dismissal on this point.

### 5. Assignment void because not timely recorded

Next, ASC argues that the alleged assignment is void because plaintiff failed to record it in the United States Patent and Trademark Office within three months after the assignment. In support of this argument, ASC cites 15 U.S.C. § 1060, which provides:

> An assignment shall be void against any subsequent purchaser for valuable consideration without notice, unless the prescribed information reporting the assignment is recorded in the United States Patent and Trademark Office within 3 months after the date of the assignment or prior to the subsequent purchase.

9

15 U.S.C. § 1060(a)(4). ASC observes that the complaint alleges that the assignments were executed on February 19, 2002, and that plaintiff did not record them until November 24, 2010, more than eight years later. ASC argues that the assignment therefore is void against it.

Plaintiff argues that this provision does not apply to ASC, which was a licensee rather than a purchaser. Neither plaintiff nor ASC cites any caselaw to support their respective arguments as to whether 15 U.S.C. § 1060(a)(4) extends to licensees. The Court need not resolve this undeveloped question, however, because even if ASC is correct that the provision extends to licensees, it would not protect ASC if ASC had notice of the alleged assignment. *See* 15 U.S.C. § 1060(a)(4). The complaint alleges that ASC's "acts were in bad faith, in conscious and deliberate disregard of [plaintiff's] rights, and were performed with the intention of depriving [plaintiff] of his rights." This allegation that ASC acted with notice of the alleged assignment is sufficient to withstand the motion to dismiss based on 15 U.S.C. § 1060(a)(4).

### 6. Assignment invalid because not delivered

Finally, ASC contends that because the assignment was never delivered to plaintiff, it was invalid as a matter of law. In its opening brief, ASC relies on a Ninth Circuit case from 1916 to support its contention that delivery is required for an assignment to be valid. In its reply brief, ASC concedes that it "has not yet found any cases directly on point," and appears to abandon the argument.

Like plaintiff, the Court is unaware of a delivery requirement. "Assignments are governed by contract law, and an assignment is subject to the same requisites for validity as are other contracts, such as intent, mutuality of assent, capacity to contract, legal subject matter, and consideration." *Gen. Citrus Int'l Inc. v. Remien*, No. 04 C 6402, 2009 WL 483855, at *14 (N.D.

Ill. Feb. 26, 2009) (quoting *U.S. Neurosurgical, Inc. v. City of Chicago*, No. 02 C 4894, 2006 WL 752970, at *7 (N.D. Ill. Mar. 21, 2006)). The Court finds that the validity of the assignment is a question of fact that cannot be resolved based on the allegations in the complaint.

**ORDERED:** Defendant Burgett Brothers, Inc.'s motion to dismiss for lack of subject matter jurisdiction [20] is denied. Defendant America Sejung Corporation's request for judicial notice in support of Rule 12(b)(6) motion [36] is granted. Defendant America Sejung Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [37] is denied.

ENTER:

_____
George W. Lindberg
Senior U.S. District Judge

DATED:  April 4, 2011